PER CURIAM.
This case is before the Court on petition of C. J. Budzinski, respondent, to review the judgment entered by the Board of Governors of The Florida Bar on June 4, 1968. Said judgment reads as follows:
“This cause came on for review and consideration by the Board of Governors of The Florida Bar upon the report of the referee and the record of proceedings before him.
“On the record the referee found the following:
I
“In September of 1965, Respondent betrayed the trust of a client, Alexander Bienkowski, and comingled the amount of $30.00 advanced Respondent for costs, and failed to account for the sum. The money was used for Respondent’s personal use as evidence by his endorsement, followed by that of the Cock-Tail Bar.
II
“The referee found that Respondent collected $228.40 for his client, Alexander Bienkowski, in settlement of a case and failed to promptly account for it. Later Respondent gave Bienkowski a check on Respondent’s trust account for the amount and the check was dishonored by the bank, due to insufficient funds.
III
“The referee found that during December of 1966, another check on Respondent’s trust account for $233.34, payable to Errands Unlimited (Rose Seiferth), a client, was repeatedly dishonored when presented to the bank for payment due to insufficient funds.
*109 IV
“The referee found that Respondent had given checks to his secretary, Sara Page, which were dishonored because of insufficient funds, and failed to pay her a sum on a demand note, thereafter giving her a check for the sum demanded, $234.26, said check also being dishonored because of insufficient funds.
“Respondent was found guilty of these charges by the referee. In particular, he was found guilty of violations of Article XI, Rule 11.02(4) of the Integration Rule, Canons 11, 21, and 29, of the Canons of Professional Ethics, and Rules 1 and 30 of the Additional Rules Governing the Conduct of Attorneys in Florida. The referee recommended a one-year suspension from the practice of law, and payment of costs.
“The Board of Governors reviewed the report of the referee, together with the exibits and transcripts of testimony before him. The Board finds the respondent guilty as charged in paragraphs 3, 4, and 6 of the Complaint, and as found by the referee in the two Bienkowski charges and the Seiferth charge, items I, II, and III above. The Board agrees that respondent should be suspended for one year and pay the costs of this proceeding. In addition, the Board would have respondent show that he is rehabilitated at the end of his suspension period. Wherefore it is
“ORDERED AND ADJUDGED that the respondent be found guilty of unethical conduct and that he be suspended from the practice of law for a period of one year and thereafter until he shall demonstrate to this Board and the Supreme Court of Florida that he is rehabilitated. In addition, he shall pay the costs of this proceeding in the amount of $191.83.
“DONE and ORDERED this 4th day of June, 1968.”
This Court has examined the petition, the record, and the judgment of the Board of Governors and has heard argument of counsel for The Florida Bar, respondent having waived oral argument. We approve the finding of guilt but feel that the prescribed penalty is too severe. It is ordered that the respondent, C. J. Budzinski, is hereby suspended from the practice of law in Florida for a period of six (6) months from the date of the filing of this Order and thereafter until he shall have paid or made satisfactory settlement of the defaults committed by him and until he demonstrates his rehabilitation. Execution is hereby directed to issue for the costs against respondent hereby taxed at $191.83.
It is so ordered.
CALDWELL, C. J., THOMAS, ROBERTS and ERVIN, JJ., and SPECTOR, District Judge, concur.