PER CURIAM.
The respondent in the case of Florida Bar v. Budzinski, opinion filed December 18, 1968, 217 So.2d 108, and in The Florida Bar v. C. J. Budzinski, #38,296, is the same. In the first decision a final judgment was entered suspending respondent from the practice of law for a period of six months, the suspension to run from December 18, 1968. Respondent was charged with co-mingling funds of a client, failure to promptly account for a settlement of a case, and drawing checks subsequently dishonored due to insufficient funds. He was found guilty, and both the Referee and Board of Governors recommended that respondent be suspended for one year and pay the costs of the proceeding. This court suspended respondent for a period of six months and thereafter until he shall have paid or made satisfactory settlement of the defaults, paid the costs of the proceedings, and until he shall demonstrate his rehabilitation.
In the cause, sub judice, against respondent for failure to pay $666.67 due an estate as a result of a settlement of a client’s claim, the Board of Governors found him guilty of violation of Article XI, Rule 11.02(4) of the Integration Rule, 'Canon 11 of the Canons of Professional Ethics and Rules 1, 27 and 30 of the Additional Rules Governing the Conduct of Attorneys in Florida, 32 F.S.A. The Referee had recommended that respondent “be suspended from the practice of law in Florida until he can clearly demonstrate that he is fully recovered and able to properly assume the practice of law in this state.” The Board of Governors “Ordered and adjudged that C. J. Budzinski be suspended from the practice o'f' law until June 18, 1969 and thereafter until he shall demonstrate his rehabilitation and that he pay the costs in these proceedings in the amount of $446.-45.” Respondent has filed no objections to this order of the Board.
It appears that, inasmuch as respondent has been previously suspended by this court, no further judgment with respect thereto is necessary but that the record in this cause should be consolidated with the record in the previous disciplinary action against respondent for consideration and reference in the event respondent should make application to be reinstated. It is therefore
Ordered that the judgment be and the same is hereby entered against respondent, C. J. Budzinski, in the sum of $446.45 in favor of The Florida Bar for the costs of these proceedings for which let execution issue.
It is so ordered.
ROBERTS, Acting C. J., and DREW, THORNAL, CARLTON and ADKINS, JJ-, concur.