TERRELL, Justice.
September 8, 1960, through its counsel, The Florida Bar filed a complaint against Ray Hill, a practicing attorney of Miami, Florida, the pertinent part of which is as follows:
“1. The respondent, Ray Hill, is, and at all times hereinafter mentioned was, a member of The Florida Bar, practicing law at Miami, Dade County, Florida, in the Eleventh Circuit.
“2. This Complaint is filed by The Florida Bar, by direction of its Board of Governors, and all conditions prerequisite to the filing of said Complaint, required by the Integration Rule, have been fulfilled.
“3. The respondent, Ray Hill, during the periods of time hereinafter mentioned has been guilty of professional misconduct in the following respects:
“(a) During the early part of the year'1958 the respondent was employed by one Harvey L. Kendall to collect an account in the amount of $187.50. This collection was made by the respondent during the summer months of 1958, but was deposited by the respondent to his own account and neither the collected funds nor any portion thereof was forwarded to the said Harvey L. Kendall. On or about December 30, 1958, the respondent mailed his check in the said amount of $187.50 to Harvey L. Kendall, which check was returned unpaid to Mr. Kendall with the notation ‘account closed’. The issuance of the said check, with no funds in the account to pay said check was admitted by the respondent when he appeared before the Grievance Committee for the 11th Judicial Circuit on January 16, 1960, In the Matter of: Ray Hill, No. 1061; Complaint of: Harvey L. Kendall. In addition to the issuance *171 of a worthless check, the respondent also admitted at the said hearing the charge of Harvey L. Kendall to the effect that the respondent failed to account for monies collected by the respondent as his attorney.
“(b) In representing an injured claimant, one Ernest Parodi, as the result of an accident which occurred on March 30, 1957, the respondent made a settlement with the alleged tort feasor, from which settlement proceeds he withheld the sum of $305.00 for payment of the medical bill rendered by Dr. Albert Reinherz. The respondent, as attorney for the claimant, failed to pay this medical bill, and, only after complaint was made by Dr. Reinherz to The Florida Bar did the respondent pay the sum of $200.00 on account and in part payment, and thereafter failed to pay the balance of $105.00 after agreeing and promising to do so. The foregoing facts were admitted by the respondent at a hearing before the Grievance Committee for the 11th Judicial Circuit on January 16, 1960, In the Matter of: Ray Hill, No. 1073; Complaint of: Dr. Albert Reinherz.
“(c) On or about March 7, 1959, the respondent issued a worthless check to one George W. Scholz, Jr., in payment of a personal loan, said check being in amount of $225.00. When the check failed to clear when first deposited, the respondent advised Mr. Scholz to re-deposit the check and it was, once again, returned marked ‘insufficient funds’. Only after the said George W. Scholz, Jr., made complaint to the State Attorney’s office in Dade County, Florida, the respondent made full and complete restitution. The issuance of the worthless check was admitted by the respondent at a hearing before the Grievance Committee for the 11th Judicial Circuit on January 16, 1960, In the Matter of: Ray Hill, No. 1099; Complaint of: George W. Scholz, Jr.
“(d) On or about August 11, 1958, the respondent received from one Bruce Z. Riddle the sum of $500.00 to be invested for him in a particular manner, and the respondent thereafter applied said funds for the payment of a personal debt of the respondent. On or' about March 4, 1959, the respondent issued a check in amount of $300.00' to the said Bruce Z. Riddle, purportedly in part payment and restitution, on the Florida National Bank at Coral Gables, without sufficient funds in the bank to pay said check. The diversion by the respondent of the aforesaid sum of $500.00 entrusted to him by Bruce Z. Riddle for the payment of a personal debt of the respondent, and the subsequent issuance of the worthless check for $300 in part payment and restitution by the respondent was admitted by the respondent on January 16, 1960, in a hearing before the Grievance Committee for the 11th Judicial Circuit, In the Matter of: Ray Hill, No. 1182; Complaint of: Bruce Z. Riddle.
“(e) During the period on or about February 11, 1957, to December 1, 1958, the respondent employed one Mrs. Rev-alo'n B. Henderson, and, at the termination of her employment, was indebted to her in the sum of $290.52. In part payment of said debt, the respondent issued a worthless check to Mrs. Henderson in the amount of $109.61, which check was returned because of, insufficient funds. After Mrs. Henderson made complaint to the State Attorney of Dade County, and filed] charges against the respondent, restitution was made and the check was paid, and the charge was noil pressed. The issuance of the worthless check, was admitted by the respondent on January 16, 1960, in a hearing before. the Grievance Committee of the 11th Judicial Circuit, In the Matter of: Ray Hill, No. 1113; Complaint of: Reva-lon B. Henderson.
*172 “(f) On or about August 7, 1959, the respondent issued a check on the South Dade Farmers Bank in the sum of $62.10 to the order of the Miami Transit Company, which check was worthless and was returned for insufficient funds upon deposit by the payee. The issuance of this check was admitted by the respondent on January 16, 1960, in a hearing before the Grievance Committee of the 11th Judicial Circuit, In the Matter of: Ray Hill, No. 1203; Complaint of: Miami Transit Company.
“(g) In addition to the above described complaints, the respondent was questioned by the Grievance Committee for the 11th Judicial Circuit on January 16, 1960, concerning the issuance of two worthless checks, each in amount of $35.00, by the respondent to Winn-Dixie Stores during the month of December, 1959. The respondent admitted cashing both of said checks and obtaining cash therefore, [sic] and further admitted that he had no funds in the bank on which these checks were drawn, but stated that he issued the checks only on the expectation that his wife would make a deposit in said bank.
“4. By reason of the foregoing, the said Ray Hill has :
“(a) Violated Canon 11 of the Canons of Professional Ethics, and Rules 1, 27 and 30 of Additional Rules Governing the Conduct of Attorneys in Florida, in his representation of and dealings with the above described Harvey L. Kendall and Bruce Z. Riddle.
“(b) Violated Canon 11 of the Canons of Professional Ethics, and Additional Rules 27 and 30 in his dealings with Dr. Albert Reinherz.
“(c) Violated Rule 30 of Additional Rules Governing the Conduct of Attorneys in Florida by the issuance of worthless checks to Mrs. Revalon B. Henderson and to the Miami Transit Company.
“(d) Violated Article XI of the Integration Rule of The Florida Bar by the doing of an act contrary to honesty, justice and good morals by virtue of the issuance of worthless checks to George W. Scholz, Jr., and to Winn-Dixie Stores, Inc.”
October 11, 1960, Ray Hill, through his counsel, filed the following answer to the said complaint:
“1. The respondent admits the allegations in paragraphs one and two of the Complaint.
“2. The respondent answers paragraph three as follows:
“(a) Answering paragraph 3(a), respondent alleges and admits issuing á check in the sum of $187.50 to one Harvey L. Kendall or his attorney, which check was dishonored for the reason ‘account closed’. He further alleges that said sum was fully repaid to said Harvey L. Kendall. He denies all other allegations in said paragraph.
“(b) Answering paragraph 3(b), respondent admits owing Dr. Albert Reinherz the sum of $105.00, representing the balance due on a medical bill in the sum of $305.00 withheld from settlement proceeds of a client. Arrangements are being made for the payment to Dr. Reinherz of said $105.00.
“(c) Answering paragraph 3(c), respondent admits issuing a worthless check in the sum of $225.00 to one George W. Scholz, Jr., which sum has been fully repaid to the said George W. Scholz, Jr.
“(d) Answering paragraph 3(d), respondent admits receiving the sum of $500.00 from one Bruce Z. Riddle and admits attempted repayment of a por *173 tion of said sum by the issuance of a check in the sum of $300.00 which was dishonored at the bank. He further alleges that full and complete payment of said $500.00 has been made to the said Bruce Z. Riddle and that said Bruce Z. Riddle has requested that the complaint against the respondent be withdrawn, said request of withdrawal having been made directly to The Florida Bar.
“(e) Answering paragraph 3(e), respondent admits the issuance of a worthless check to one Mrs. Revalon B. Henderson in the sum of $109.61, which sum has been fully paid to the said Mrs. Revalon B. Henderson.
“(f) Answering paragraph' 3(f) of said Complaint, the respondent admits the issuance of a worthless check in the sum of $62.10 to the order of the Miami Transit Company, which sum the respondent is making arrangements to repay.
“(g) Answering paragraph 3(g), the respondent admits the issuance of two worthless checks in the sum of $35.00 to the Winn-Dixie Stores, which sum the respondent is making arrangements to repay.
“3. The respondent denies the allegations in paragraph four of said Complaint.”
A referee was appointed who took testimony on the issues made by the complaint and answer and on consideration thereof made the following recommendations:
“Based upon the foregoing testimony and the Exhibits I find each and every of the charges contained in the complaint numbered 3(a), 3(b), 3(c), 3(d), 3(e), 3(f) and 3(g) have been proven by substantial evidence and admitted by the respondent and that by reason of the foregoing, the respondent, Ray Hill has violated Canon 11 of the Canons of Professional ethics [Additional Rules Governing the Conduct of Attorneys in Florida] and Rules 1, 27 and 30 and violated Article XI of the Integration Rule of the Florida Bar.
“I further find that the prayer of the complainant that the respondent be disciplined in accordance with Article XI of the Integration Rule of the Florida Bar, be granted.
“It is natural that I find myself in sympathy with the plight that the respondent now finds himself in without adequate excuse or justification for his conduct.
“A matter of great concern is that the record reveals that the respondent was before a Grievance Committee on October 4, 1959 at which time he assured this committee that he would not issue any further worthless checks, but subsequently in December of 1959 the respondent issued two checks each in the amount of $35.00 and received cash for each of these checks from Winn-Dixie Stores, Inc. Both of these checks were drawn upon a bank in which the respondent did not have an account. Notwithstanding the difficulty that respondent knew that he was in by reason of previous complaints and his actions, he issued these checks for which he received cash, knowing at the time of their issuance that he did not even have an account at the bank on which they were drawn which certainly reflect a deliberate disregard for ethical conduct of a lawyer and respect for his word as a lawyer to the members of the Grievance Committee.
“My personal opinion of the respondent is that he is well above average in intelligence, is personable and has now realized the seriousness of his past actions and could be rehabilitated and should not be disbarred.
*174 “It is my recommendation that the respondent be suspended from the practice of law for 24 months, said period of suspension to begin September 8, 1960, the date of the filing of the complaint in this clause.”
April 14, 1961, the judgment, findings and recommendations of the referee, including the transcript of proceedings on which said judgment and recommendations were based came on for review by the Board of Governors of The Florida Bar who found that Ray Hill, the respondent, is a member of The Florida Bar, subject to the disciplinary provisions of the Integration Rule of The Florida Bar as adopted by the Supreme Court of Florida March 4, 1950, as subsequently amended, 31 F.S.A.
The Board of Governors of The Florida Bar also concurs in the finding of guilt made by the referee except with reference to the charges of unprofessional conduct set forth in paragraphs 3(c), 3(e), 3(f) and 3(g) of the complaint. As will be noted, these three paragraphs had to do with instances in which respondent made checks that “bounced” but which he later made restitution for or in the case of 3(f) and 3(g) where he made checks thinking “his wife would make a deposit in said bank.” In place of the disciplinary recommendations of the referee as set forth in his report, the Board of Governors of The Florida Bar directs that the “respondent be suspended for a period of six months from the date when this matter becomes final by order of the Supreme Court and thereafter until he can show unto the Board of Governors of The Florida Bar and the Supreme Court of Florida that he has been fully rehabilitated.”
“It is thereupon, upon consideration thereof, Ordered and Adjudged that respondent, Ray Hill, be suspended from the practice of law in Florida for a period of six months from the date when this matter becomes final, and thereafter until such time as he can show unto the Board of Governors of The Florida Bar and the Supreme Court of Florida that he has fully rehabilitated himself pursuant to Section 5 (i) of Article XI of the Integration Rule, or as this section may be amended and that he shall pay the actual cost incurred in this disciplinary proceeding in the sum of $246.26. Done this 12th day of May, 1961.”
The record in this cause, the report of the referee, the findings and judgment of the Board of Governors of The Florida Bar have been examined by this court. The finding of the Board of Governors of The Florida Bar to the effect that the respondent has been guilty of unprofessional conduct is approved. The judgment of the Board of Governors, however, is not approved. In lieu thereof the respondent, Ray Hill, shall be, and he is hereby, suspended from the practice of law for a period of twelve months from the filing of this opinion and continuously thereafter until he shall have paid the costs of this proceeding in the amount of $246.26, and further thereafter until, in accordance with Section 5(i) of Article XI of the Integration Rule, he shall demonstrate to the Board of Governors and this court that he is entitled to be reinstated in the practice of law upon making a showing required by the last cited rule. Respondent shall not be entitled to apply for reinstatement until at least twelve months from the filing of this opinion. Until reinstated by order of this court the respondent shall not directly or indirectly engage in the practice of law.
It is so ordered.
ROBERTS, C. J., and THOMAS, THORNAL and O’CONNELL, JJ., concur.