PER CURIAM.
It was ordered by the Board of Governors of The Florida Bar that the Respondent, Maxwell Baxter, Jr., be suspended from the *700 practice of law for a period of three years and thereafter until he shall satisfy said Board and this Court of his rehabilitation and fitness to practice law. It was further ordered that he pay the costs of the disciplinary proceedings in the amount of $529.-03.
The judgment of the Board of Governors found:
“ * * * the respondent issued numerous worthless checks, some drawn upon his personal account, others drawn upon a trust account of his law firm which had been closed for two years. Most of these checks were in relatively small amounts of money and were cashed with local merchants in and about Broward County. In particular respondent drew more than SO checks upon the account entitled ‘Baxter and Baxter, Trust Account’ after said account was closed on January 20, 1961. * ‡ * >>
and that:
“The respondent was convicted of the crime of issuing worthless checks on three occasions in the municipal court in the city of Fort Lauderdale. He was so convicted on November IS, 1962, July 9, 1963 and August 20, 1963.
“The Board notes that the respondent was adjudicated incompetent for a short period of time while these proceedings were pending before the referee. The referee’s hearings resumed after respondent was restored [to competency] by order of the County Court.”
It appears that these proceedings were conducted in accordance with the rules prescribed for the discipline of attorneys. It further appears that the findings of the Board of Governors are fully substantiated by the record.
It is therefore the order of this Court that the judgment of the Board of Governors of The Florida Bar is affirmed and that the said Maxwell Baxter, Jr., be suspended from the practice of law as provided in said judgment and until he shall have paid said costs of these proceedings as ordered therein.
THORNAL, C. J., and THOMAS, ROBERTS, DREW and ERVIN, JJ., concur.