PER CURIAM.
This case is before the Court for review of the judgment entered by the Board of Governors of The Florida Bar on April 1, 1967.
Said judgment reads in part:
“The evidence shows and the referee found that in April, 1966, the respondent, William W. Charles, received $20,000 to be held in trust in connection with a real estate transaction. At a time between April 25, 1966 and June 16, 1966, respondent converted the $20,000 to his own use. On the closing date of the transaction, respondent asked for a postponement of payment, falsely claiming that the trust funds given him had not cleared the bank. Subsequently, he issued a worthless check to the seller’s attorney with knowledge that the trust account upon which it was drawn did not have funds to cover it. Upon demand by the clients, respondent repaid $5,000 but has never properly accounted for the remaining $15,000 of his client’s money.
“The referee found the respondent guilty as charged in the complaint, and particularly that he be found guilty of Article XI, Rule 11.02 of the Integration Rule, Canon 11 of the Canons of Professional Ethics and Rules 1, 27 and 28 of the Additional Rules Governing the Conduct of Attorneys in Florida. [31 F.S.A.] The referee recommended that the respondent be suspended from the practice of law for six months and such period thereafter until respondent shall have made full restitution to his clients. The Board of Governors concurs with the referee’s findings of guilt, but does not agree with the recommended disciplinary measure. Upon consideration, therefore, it is “ORDERED AND ADJUDGED that respondent be disbarred from the practice of law and that the pay the costs in these proceedings in the amount of $371.90.”
No request for hearing before us has been submitted by Respondent.
The record and judgment of the Board of Governors of The Florida Bar have been examined by this Court. It is ordered that the judgment of said Board that Respondent William W. Charles is guilty as charged and that he be disbarred from the practice of law in Florida be, and the same is approved and adopted as the judgment of this Court. Execution is hereby directed to issue for the costs against Respondent.
THORNAL, C. J., and THOMAS, ROBERTS, DREW and ERVIN, JJ., concur.