PER CURIAM.
The judgment of the Board of Governors of The Florida Bar, entered in this disciplinary proceeding on June 11, 1970 and filed in this court June 12, 1970, with record, evidence and all proceedings had herein, came ón to be reviewed by this court.
The report and order of the Board of Governors are as follows:
“The Florida Bar’s amended Complaint was filed on June 17, 1968 charging respondent with having failed to represent a client with diligence and failure to appear and defend said client with the result that an adverse judgment was entered against him; it was further charged that respondent issued and negotiated some 19 worthless checks during 1967. It was stipulated that he was charged with the crime of uttering a worthless check in each of these cases. The record shows that he was found not guilty by reason of insanity in each case. The referee heard testimony by *645 respondent and considered testimony or reports of several psychiatrists who had treated or examined respondent. The referee found the respondent guilty as charged. He recommended that respondent he suspended from the practice of law for an indefinite period of time during which respondent shall accomplish restitution to his former client, Murray Swim, and to other persons who advanced funds in exchange for his dishonored checks; and he shall further submit to psychiatric treatment for at least one year and thereafter until his doctor can certify that the repetition of his illness (cyclical manic depressive psychosis) is highly unlikely; and that thereafter he be permitted to resume the practice of law under conditions of a supervisory probation for a period of one year.
“This Board has carefully considered the entire record, and particularly notes with approval the diligent efforts of its referee and bar counsel. It also appreciates the service of respondent’s ‘court appointed’ counsel who has represented his client most ably. The Board concurs in the findings of fact of the referee. It further concurs in the recommendation that he be suspended for at least one year. The Board is reluctant, however, to attempt to establish at this time all of the conditions of the respondent’s anticipated reinstatement to the practice of law. The Board’s experience suggests that, if a petition for reinstatement should be filed, the Court should not be bound by the certificate of only one doctor (of respondent’s choosing) ; and it should not now attempt to establish the conditions of a probation when it does not know what respondent’s situation might be at that time. Accordingly, it is
“ORDERED AND ADJUDGED that the respondent be suspended from practice for a period of one year and thereafter until he shall demonstrate his professional and psychological rehabilitation to the satisfaction of the Court and of this Board and until he shall make restitution to the persons mentioned above, as agreed by the parties. It is further ordered that he pay the costs of these proceedings in the amount of $177.25.
We have carefully reviewed the record, including report of the referee and the Board of Governors. No petition for review or request for further proceedings has been made by respondent, and after being considered it is
Ordered that the judgment of the Board of Governors of The Florida Bar, dated June 11, 1970, that respondent, Robert Parsons, be suspended from the practice of law for a period of one year from the date of this order and thereafter until he shall make restitution and until he shall demonstrate his professional and psychological rehabilitation to the satisfaction of the court and that he pay the costs of these proceedings in the amount of $177.25, be, and the same is, approved and adopted as the judgment of this court.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW, THORNAL and ADKINS, JJ., concur.