PER CURIAM.
This cause is before us for review of the judgment entered by the Board of Governors of The Florida Bar on December 15, 1969, which judgment is in pertinent part as follows:
“The record shows that the respondent represented a plaintiff in a personal injury case. After receiving a settlement of $8,000 together with other funds advanced by the client, the respondent undertook to disburse $1,714.70 on behalf of the client for expenses incurred by the client. The referee found that he failed to properly disburse the funds and failed to account to the client. He found the respondent guilty as charged in the Complaint of violations of the Integration Rule of The Florida Bar and of the Canons of Professional Ethics, and recommended that he be suspended from the practice of law.
“Upon consideration, the Board of Governors concurs in the findings of fact of the referee and orders that the respondent be suspended from the practice of law for six months and thereafter until he shall demonstrate his rehabilitation, and that he pay the costs of these proceedings in the amount of $135.80.”
No request for hearing before us has been submitted by respondent. By petition dated January 22, 1970, respondent requests this Court allow him time to complete matters which “should be concluded in the near future.” Respondent has already had more than six months since the filing of his petition within which to complete the matters referred to. It is unnecessary to delay the commencement of the suspension period further.
The record and judgment of the Board of Governors of the Florida Bar have been examined by this Court. It is ordered that the judgment of the Board that respondent George T. Kelly, III, is guilty as charged and that he be suspended from the practice of law for six months and thereafter until he shall demonstrate his rehabilitation, and that he pay the costs of these proceedings in the amount of $135.80, be and the same is approved and adopted as the judgment of this Court. Execution is hereby directed to issue for the costs against respondent.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW, ADKINS and BOYD, JJ., concur.