PER CURIAM.
We have for review a report of the referee in this disciplinary action in which it is recommended that respondent, George T. Kelly, III, be disbarred from the practice of law in Florida and charged with the costs of the proceedings against him. Mr. Kelly has not requested review by this Court.
On July 30, 1970, this Court ordered the suspension of respondent from the practice of law for six months, and thereafter until demonstration of rehabilitation and payment of costs. The Florida Bar v. George T. Kelly, III, 238 So.2d 289 (Fla.1970). His suspension resulted from the mishandling of the funds received on behalf of a client. The Bar advises that respondent has not been reinstated from the aforesaid suspension order.
The pertinent findings and recommendations of the referee are as follows:
“SUMMARY OF THE PROCEEDINGS
“The Amended Complaint charges the respondent with two separate offenses. By Count I, the respondent is charged with receiving a fee of $500 from Cathryn Machín to represent her son in regard to criminal charges pending against the son, and failing and refusing either to represent the son or return the fee. By Count II and III, the respondent is charged with endorsing a $4,578.08 check payable to Coogan-Robinson, without the consent of the payee, and converting the proceeds of that check to his own purposes, and then, after criminal proceed *363 ings had been instituted against the respondent, issuing to E. A. Robinson a worthless check in the amount of $4,578.-08.
“The respondent’s mailing address, according to the records of The Florida Bar, is 196 Belmont Place, West Palm Beach, Florida 33401. Service of the original Complaint was effected upon the respondent at that address, as evidenced by the return receipt (Bar Ex. 1). The Florida Bar attempted to serve the respondent with a copy of the Amended Complaint, by certified mail, return receipt requested, at that same address, but it was returned, marked ‘Box Closed’ ‘No Order’ (Bar Ex. 2).
“Your Referee attempted to serve the respondent with copy of the Notice of Final Hearing by certified mail, return receipt requested, to the same address, but that notice was returned marked ‘Moved, left no address.’ (Bar Ex. 3).
“Your Referee attempted to reach the respondent by telephone at the two numbers listed in the current West Palm Beach telephone directory at 196 Belmont Place, and the other at 323 South Dixie, but both telephones had been disconnected. The current City Directory listed an office for the respondent in the Brass Building in West Palm Beach, and the Referee talked with the manager of that building, who advised that the respondent had vacated his offices in that building in 1971, had sold his home here in Florida, and was now believed to be living in Kentucky.
“At the final hearing, the Bar was represented by Paul C. Wolfe, Esq. There was no appearance by or on behalf of the respondent. The trial was concluded without adjournment.

“PERSONAL HISTORY
“No personal history on Mr. Kelly is available, because of his failure to appear in these proceedings. Apparently Mr. Kelly has abandoned the practice of law and has left the State of Florida.

“FINDINGS OF FACT
“After considering all of the pleadings, exhibits and evidence before me, I find that :
“1. The respondent, in or about June of 1969, did receive $500 from Cathryn Machín for the purpose of representing her son in connection with a criminal charge, and failed and refused either to represent the son or return the $500.
“2. On or about July 6, 1970, the respondent did, without any authority whatsoever, endorse a check in the sum of $4,568.08 payable to Coogan-Robinson, and deposit the proceeds of said check in a commercial account in the Citizens Bank in the name of George T. Kelly, Inc.
“3. That on or about August 11, 1970, the respondent issued a worthless check to E. A. Robinson of Coogan-Robinson in the amount of $4,578.08, with knowledge that there were not sufficient funds in said account to cover payment of said check.
“RECOMMENDATION OF GUILT
“It is recommended that the respondent be found guilty as charged in the Amended Complaint, and particularly that he be found guilty of violation of Article XI, Sections DR 1-1-2 [1-102] (A)(4), DR 2-110(A) (3) and DR 9-102 (B) [32 F.S.A.].
“RECOMMENDATION OF DISCIPLINE
“It is recommended that the respondent be disbarred from the practice of law in Florida.

*364 We find no difficulty with the sufficiency of service of process on respondent. Subdivision 6 of Article II of the Integration Rule, 32 F.S.A., makes it the duty of each member of The Florida Bar immediately to advise the Executive Director of any change of mailing address or military status. Article 11, Rule 11.01(2) provides:
“(2) Process. Every member of The Florida Bar is charged with notice of the provisions of Section 6 of Article II relating to change of mailing address or military status and that mailing by registered or certified mail of papers or notices prescribed in these rules to the last mailing address of an attorney as shown by the official records in the office of the Executive Director of The Florida Bar shall be sufficient notice and service unless this Court shall direct otherwise.”
In the case sub judice, the referee not only complied with but exceeded the requirements of Rule 11.01(2) in attempting to locate respondent by mail and telephone both at home and at his office. In addition, respondent was served with a copy of the original complaint and therefore had actual notice of the pendency of disciplinary proceedings. It was only after original service was obtained that respondent vacated his home and failed to inform the Bar of his new address. In the circumstances, it is our view that the referee was correct in proceeding with the disciplinary action in respondent’s absence.
On the merits, we find ourselves in accord with the findings and recommendations of the referee. Accordingly, the report of the referee is approved and the recommendations are adopted. It is the judgment of this Court that George T. Kelly, III, respondent herein, be disbarred from the practice of law in Florida. Execution is hereby directed to issue for costs against respondent.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, McCAIN and DEKLE, JJ., concur.