PER CURIAM.
This cause is before us to review the report of the referee in a Florida Bar proceeding entered February 24, 1974, and filed with this Court pursuant to Rule 11.-06 of Article 11 of The Florida Bar Integration Rule on February 28, 1974. The referee finding the respondent guilty of several counts of professional misconduct *162 has recommended that he be suspended from the practice of law in Florida for a period of one year. Respondent has failed to file a petition with this Court to review the findings and recommendations of the referee.
In his report, the referee has made the following findings of fact:
“After considering all of the pleadings, exhibits and evidence before me, I find that:
“1. Respondent, Ray Hill, was, and is a member of The Florida Bar, and is subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
“2. The Complaint herein was filed by The Florida Bar, by direction of its Board of Governors, and all conditions prerequisite to the filing of said Complaint, required by the Integration Rule, have been fulfilled.
“3. In the month of June, 1972, Respondent issued one check in the sum of $10 as a witness fee to Mr. James Swift and another check in the sum of $500 as an expert witness fee and for travel and other expenses of the witness to Mr. Jan Hochstim in connection with certain litigation set for trial on June 26, 1972. Both checks were returned for insufficient funds.
“4. Between May 5, 1972 and August 7, 1972, Respondent issued checks on induf-ficient [sic] deposits to the total sum of $1,846.49, in amounts ranging from $2 to $500, the average check being in an amount slightly less than $100. .
“5. The checks were written on an account called ‘Ray Hill Trust Account’ which Respondent was using as his regular account. (I do not find that a client’s funds were wrongly used or withheld from the client.)
“6. During the period from early November, 1971, until late June, 1972, Respondent was making excessive use of alcohol to the point that it adversely affected his judgment and his ability to maintain his financial accounts accurately-
“7. Respondent has had a problem relating to the use of alcohol for more than two decades.
“8. Respondent’s problem with alcohol has affected his ability to handle the financial aspects of his law practice in a professional manner.
“9. Neither of the checks mentioned in paragraph 3 were involved in the case reported at 265 So.2d 698, which case likewise involved this Respondent and had rather similar facts.
“10. Respondent has not sought or received psychiatric assistance for his problem with alcohol; but Respondent was at the time of the hearings in this proceeding regularly attending meetings of Alcoholics Anonymous several times a week and has been doing so since the end of June, 1972.
“11. Respondent believes that his problem with alcohol is now under control.
“12. Respondent is now operating his law practice on a cash basis and is not using checking accounts.
“13. Notwithstanding Respondent’s admission of the averments of the Complaint according to the Answer filed in the proceedings, I do not find that moral turpitude was involved in Respondent’s offenses. Respondent’s acts as mentioned above were the result of bad judgment or lack of comprehension occasioned by the excessive use of alcohol.”
Relative to Respondent’s personal history and past disciplinary measures, the referee stated:
“Respondent is approximately 46 years old, á graduate of the University of Miami Law School in 1954. He was admitted to the Bar of Florida in 1954 and practiced in the Miami area until 1960. He was suspended for 12 months begin *163 ning July 26, 1961, and was reinstated in 1964. He moved to New Smyrna Beach, Florida, in 1968 or 1969 and has practiced there to this time.
“Past Bar proceedings involving respondent are as follows:
“1. Worthless checks, withholding of a client’s money, diversion of funds placed for investment and other matters. Suspension for at least 12 months. 132 So.2d 170, July 26, 1961.
“2. Respondent’s petition for reinstatement granted. 163 So.2d 295, April 15, 1964.
“3. Permitting check for witness fee to remain unpaid for more than two months after it had been dishonored and failure to pay indebtedness to expert witness. Public Reprimand. 265 So.2d 698, July 28, 1972.
“4. No other disciplinary history is known.”
On the basis of these findings, the referee made the following recommendation of guilt:
“It is recommended that Respondent by [sic] found not guilty of violation of Rule 11.02(4) of Article XI of the Integration Rule, and not guilty of violation of Disciplinary Rule 1-102(A).
“It is recommended that Respondent be found guilty of violation of Disciplinary Rule 1-102 [(A)] (6) and guilty of violation of 9-102 (A) of the Code of Professional Responsibility.”
and recommended as discipline that respondent be suspended from the practice of law in Florida for a period of one year. The referee itemized costs reasonably incurred by The Florida Bar totalling $130.25, determined that other additional costs may have been incurred by the Grievance Committee, The Florida Bar and possibly the Board of Governors, and recommended that all such costs and expenses of this proceeding be charged against respondent.
Pursuant to Rule 11.09(3) (f), The Florida Bar Integration Rule, having carefully examined the record and report of the referee, we 'approve the recommendations of the referee as to guilt and discipline.
Accordingly, respondent Ray Hill is hereby suspended from the practice of law in the State of Florida for a period of one year and execution is hereby directed to issue for the costs of these proceedings against respondent in the amount of $273.-91.
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN and McCAIN, JJ., concur.
BOYD, J., concurs specially with opinion.