PER CURIAM.
This cause is before us to review the report of the referee of the Board of Governors of The Florida Bar entered February 21, 1974. The referee recommended that Respondent be found guilty as charged in the Bar’s complaint and that he be disbarred from the practice of law in Florida. At the referee’s hearing below, Respondent admitted all allegations of Petitioner’s complaint except Count III, which was dropped. The relevant portions of the recommendations of the referee are as follows :
“Findings of Fact as to Each Item of Misconduct of which the Respondent is Charged: After considering all the pleadings, exhibits, stipulations, and evidence before me, I find that the Respondent has admitted each and every allegation of the Complaint except Count III (which embraces Paragraph 9 through 14 of the Complaint) which Count has been dropped and deleted by The Florida Bar:
“A. The Respondent issued an insufficient fund check in the amount of $338 on or about September 21, 1971, and again on October 3, 1971, issued a check for $676 which was dishonored by ‘Account Closed.’
“B. In September of 1971 Respondent undertook to represent a Mr. Gibbs in a domestic relations case; Respondent neglected this case, refused to turn the file over to Mr. Gibbs’ new attorney, Gibbs made demands for the file by telephone on April 22, 23, and 24, 1972, and on the last date wrote a letter to Respondent requesting the files.
“C. The Respondent was employed by a Mr. Garner in a Workmen’s Compensation claim which arose on March 5, 1970; on October 22, 1970, Federated Insurance Co., made 15 checks payable to Mr. Garner with a total of $1,286.25 representing compensation for permanent partial disability. These checks were mailed to Respondent, Respondent never mailed the checks to Mr. Garner or advised him that the claim had been paid.
“D. The Respondent undertook, in March of 1971, to represent Mr. Carratt in a case against a moving company and Respondent accepted a retainer of $50. The Respondent advised the client on many occasions that he had filed suit but no suit was ever filed. The files have never been returned to Mr. Carratt or any papers relevant to the case.
“E. In a complaint by Mr. Papa, Mr. Gorman, the Respondent, has admitted that he forged the names of Mr. and Mrs. Papa to a check from Allstate Insurance Co., in the amount of $1,500; Respondent also failed to pursue Mr. and Mrs. Papa’s claims in regard to other matters.
“F. The Respondent failed to answer requests for information from his client, Mr. Jackowitz, in regard to a real estate sales commission case.
“G. A Mrs. Gilbert paid Respondent $150 retainer to investigate rights that she might have resulting from a death in her family. This retainer occurred on November 9 and 30, 1971, and June 7 and 29 of 1972, and despite repeated efforts, Mrs. Gilbert has never been advised by the Respondent on any action taken by Respondent in furtherance of Mrs. Gilbert’s cause.
*26 “H. Upon the complaint of Mr. Nathaniel Barnes, Respondent has admitted that he received $453 to represent Mr. Barnes in an uncontested domestic relations matter. Thereafter, (March, 1972 for a period of six weeks, Mr. Barnes was unable to reach Respondent; Respondent’s secretary contacted Mr. Barnes after that time and advised Mr. .Barnes to meet Respondent at Judge Parker’s Chambers at the Dade County Courthouse at 3:20 p. m., on May 28, 1972. Respondent failed to appear for the hearing, an attempt was made to contact the Respondent to no avail, and the case could not be heard because of the absence of the Respondent.
“I. On October 5, 1972, Respondent wrote a ‘worthless check’ to State Southern Management Co., Inc., a corporation d/b/a Howard Johnson’s.
“In searching the above file, there was no conflict in the testimony or evidence as Respondent has admitted each and every allegation of the Complaint. The Respondent has, therefore, consented to the fact that he issued worthless checks, a check on an account closed, and a check on an account in which he had insufficient funds for payment, and that he has neglected several clients’ causes.
“III. Recommendation as to Whether or Not the Respondent Should he Found Guilty of Misconduct: I recommend that the Respondent be found guilty as charged in the Complaint (other than in Count III which has been dropped); and specifically that he be found guilty of-violations of .his Oath as an attorney and also Rule 11.02(2) (3) and (4) of Article XI of the Integration Rule and Disciplinary Rule 1.102(A) (I) (3) (4) (5) and (6); DR 6-101(A) (2) and (3); DR 7-101(A)(2) and (3); DR 9-102 (A) ; DR 9-102(B)(l) and (4) of the Code of Professional Responsibility.
“IV. Recommendation as to the Disciplinary Measures to he Applied: I recommend the Respondent be disbarred from the practice of law in Florida.
“V. Personal History and Past Disciplinary Measures-.
“Before recommending the disciplinary measures to be applied, I consider the following restitution by the Respondent and the following personal history pertaining to the Respondent:
“A. That he is 34 years of age, graduated from the University of Miami School of Law in 1964 and was admitted to the Bar in the same year. Although he has shared office space with other lawyers, it is the understanding of the Referee that he has practiced law on his own account since his graduation. He was married in 1967 but divorced in 1972 and is presently single. It appears that the Respondent was repeatedly accused of misconduct throughout his legal career, previous history revealing findings of no probable cause, in one instance a Private Reprimand, and in this matter at hand the finding of probable cause in nine separate cases, one count of which has been dropped by The Florida Bar.
“B. It is apparent that the Respondent is guilty of repetitive acts of violation of his Oath as an attorney and a failure to respect the disciplinary rules under the Integration Rule of The Florida Bar and the Code of Professional Responsibility. Upon proper demonstration of legal knowledge and upon proper showing of rehabilitation of his sense of responsibility, the law grants the Respondent the right to re-apply for admission to The Florida Bar, but that readmission should be upon his taking a Bar examination and withstanding the scrutiny of the personal examination and investigation made prior to anyone becoming a member of The Florida Bar.
“C. On the 15th of February, 1974, the Respondent paid and satisfied Robbie Gilbert with a $150 Cashier’s check, Nathaniel Barnes with a $453 Cashier’s check, and Arthur Carratt with a $50 Cashier’s check, but has failed to perform the other promises in the Stipula-
*27 tion. Involved in these cases is an unpaid sum in excess of $1,600 comprising the promised payment of $1,689.89 to Allstate Insurance Co., under case 11B73-18 (the Papa complaint) and although he delivered several files to a designated custodian, he stated that all of the files that were delivered were closed and all of the work completed; he further was asked if he had any open files in his office, he replied that he had three that would be delivered on February 13; however, they were not delivered on February 13.
“VI. Statement of Costs and Manner in Which Costs Should Be Paid: I find the following costs were reasonably incurred by The Florida Bar:
“Costs at Grievance Committee level. 226.20
“Costs at Referee level . 49.50
“Administrative costs . 50.00
“TOTAL COSTS 325.70
“It is apparent to me that other costs may have been incurred. It is recommended that all such costs and expenses, together with the foregoing itemized amounts should be charged against the Respondent..
“Dated this 21st day of February, 1974.
“s/s Julian R. Benjamin_
“JULIAN R. BENJAMIN, Referee’’
The record before this Court shows the report of the referee to be supported by sufficient evidence to justify the discipline recommended. It is ordered that the recommendations of the referee as to guilt and discipline (that Respondent James Leo Gorman be disbarred and be required to pay all costs of these proceedings) be and the same are approved and adopted as the judgment of this Court.
It is so ordered.
ADKINS, C. J., and BOYD, McCAIN, DEKLE and OVERTON, JJ., concur.