361 So.2d 159 (1978)
THE FLORIDA BAR, Complainant,
v.
Roger L. DAVIS, Respondent.
No. 52894.
Supreme Court of Florida.
July 20, 1978.
*160 John Hume, Bar Counsel, Ft. Lauderdale, and James P. Hollaway, Asst. Staff Counsel, Tallahassee, for complainant.
Roger L. Davis, in pro per.
PER CURIAM.
Respondent, Roger L. Davis, is a member of The Florida Bar and subject to the disciplinary measures of this court. Article V, Section 15, Florida Constitution. Based upon the findings of the Referee, we suspend Mr. Davis from the practice of law for a period of twelve months.
Respondent was charged with the following:

COUNT I
Conduct involving dishonesty, fraud, deceit, or misrepresentation (CPR, DR 1-102(A)(4)), contrary to justice and good morals (Fla. Bar Integr. Rule, art. XI, Rule 11.02(3)(a)), and other conduct adversely reflecting on his fitness to practice law (CPR, DR 1-102(A)(6)). Mr. Davis deposited a check for $700 in his bank account in LaBell, Florida, drawn on a bank in Ft. Lauderdale with knowledge that there were insufficient funds to cover the check. The bank obtained a default judgment which has not been satisfied.

COUNT II
Illegal conduct involving moral turpitude (CPR, DR 1-102(A)(3)). Conduct involving dishonesty, fraud, deceit, or misrepresentation (CPR, DR 1-102(A)(4)), contrary to justice *161 and good morals (Fla. Bar Integr. Rule, art. XI, Rule 11.02(3)(a)). Other conduct adversely reflecting on respondent's fitness to practice law (CPR, DR 1-102(A)(6)). Respondent employed Helen Bauer as a legal stenographer and issued three worthless checks as payment of salary. The first check was drawn on respondent's business account. The second was drawn on an account entitled Roger L. Davis, Attorney at Law, Trust Account. The third was drawn on an account entitled Roger L. Davis, Trust Account. When advised that the checks were being returned unpaid, respondent issued Mrs. Bauer a promissory note, payable on demand. The note was not paid and a judgment was entered against the respondent in the amount of $650. That judgment has not been satisfied.

COUNT III
Depositing personal funds in a "Trust Account" (CPR, DR 9-102(A)), use of an attorney's trust account for personal expenditures (Fla. Bar Integr. Rule, art. XI, Rule 11.02(4)), and other conduct adversely reflecting on respondent's fitness to practice law (CPR, DR 1-102(A)(6)). The facts are the same as those stated in Count II.

COUNT IV
Illegal conduct involving moral turpitude (CPR, DR 1-102(A)(3)). Conduct involving dishonesty, fraud, deceit, or misrepresentation (CPR, DR 1-102(A)(4)), contrary to justice and good morals (Fla. Bar Integr. Rule, art. XI, Rule 11.02(3)(a)). Other conduct adversely reflecting on respondent's fitness to practice law (CPR, DR 1-102(A)(6)). Respondent was convicted of the misdemeanor of uttering a worthless check.

COUNT V
Conduct involving dishonesty, fraud, deceit, or misrepresentation (CPR, DR 1-102(A)(4)), contrary to justice and good morals (Fla. Bar Integr. Rule, art. XI, Rule 11.02(3)(a)), and other conduct adversely reflecting on respondent's fitness to practice law (CPR, DR 1-102(A)(6)). Respondent borrowed $1,000 from Grace Harter, a client, without insuring that the loan was secured. The loan was due April 15, 1974. Respondent has made no attempt to repay Mrs. Harter.
The referee found respondent guilty on all counts except those involving personal expenditures from his attorney trust account, and recommended that he be suspended for a period of 12 months with proof of rehabilitation. The referee also recommended that respondent make restitution to Mrs. Bauer, Mrs. Harter, and to the bank, and pay all costs of these proceedings.
In its petition for review, the Florida Bar urges this court to approve the findings of fact by the Referee, find respondent guilty of those violations alleged in Count III, and increase the recommended discipline to disbarment.
Our review of the record discloses clear and convincing evidence to support the findings of the Referee, Florida Bar v. Wagner, 212 So.2d 770 (Fla. 1968), except as to Counts II and IV, which charge illegal conduct involving moral turpitude. The record reveals that respondent did in fact issue four worthless checks with knowledge that there were insufficient funds on deposit with the bank to pay the checks on presentation. Such conduct is proscribed under Section 832.05(2)(a), Florida Statutes (1975). The question we must decide is whether or not this conduct involves moral turpitude, thereby subjecting respondent to Bar discipline under DR 1-102(A)(3).[*]
Moral turpitude is discussed in 9 Fla. Jur., Criminal Law Sec. 8 as follows:
A crime involves moral turpitude if it is an act of baseness, vileness, or depravity in the private and social duties which a man owners to his fellow men or to society in general. Unless the offense is one which by its very commission implies a base and depraved nature, the question of moral turpitude depends not only on the nature of the offense, but also on the attendant circumstances... .
Specific crimes that have resulted in disciplinary proceedings include forgery, use of the mails to defraud, violation of a liquor law, larceny, petit larceny, and acceptance of stolen property. 7 Am.Jur.2d, Attorney at Law, § 50. It does not appear to us that writing a check with knowledge of insufficient funds constitutes, in all circumstances, a vile and depraved act. Certainly, such conduct is violative of the law and is contrary to honesty, justice and good morals. But where there is no intent to defraud, as is the case here, the act itself is not so base as to fall into the category of illegal conduct involving moral turpitude. Thus, the attendant circumstances must be considered. While respondent admits that he wrote the dishonored checks, he argues as a mitigating factor, his lack of intent to defraud either the bank or the individual payee. Respondent testified before the Referee that at the time he wrote the checks he intended to make sufficient deposits to cover his withdrawals; that he was keeping track of his accounts in his head and became confused as to the balance. Respondent also points out that three of the checks involved were issued to Mrs. Bauer, an employee, and did not involve an attorney-client relationship.
This court has, in several instances, disciplined attorneys for the uttering of worthless checks. In re Gorman, 299 So.2d 24 *162 (Fla. 1974); In re Hill, 298 So.2d 161 (Fla. 1974); The Florida Bar v. Thomson, 271 So.2d 758 (Fla. 1972); The Florida Bar v. Kelly, 269 So.2d 362 (Fla. 1972); The Florida Bar v. Hill, 265 So.2d 698 (Fla. 1972); The Florida Bar v. Parsons, 238 So.2d 644 (Fla. 1970); The Florida Bar v. Dingle, 235 So.2d 479 (Fla. 1970); The Florida Bar v. Budzinski, 217 So.2d 108 (Fla. 1968); The Florida Bar v. Charles, 201 So.2d 713 (Fla. 1967); The Florida Bar v. Baxter, 178 So.2d 699 (Fla. 1965); and The Florida Bar v. Hill, 132 So.2d 170 (Fla. 1961). The only case to specifically discuss moral turpitude in connection with this illegal conduct held that no moral turpitude was involved. In re Hill, supra.
While we find respondent's conduct inexcusable, we cannot say that such conduct involves moral turpitude. The circumstances surrounding respondent's actions do not indicate otherwise. Therefore, we approve the Referee's findings as to Count I, III, and V, and find respondent guilty under Counts II and IV of violating Florida Bar Integration Rule 11.02(3)(a), DR 1-102(A)(4), and DR 1-102(A)(6), but not DR 1-102(A)(3).
We also approve the Referee's recommendation of 12 months suspension with proof of rehabilitation. In re LaMotte, 341 So.2d 513 (Fla. 1977), we stated:
Lawyers are disbarred only in cases where they commit extreme violations involving moral turpitude, corruption, defalcations, theft, larceny or other serious or reprehensible offenses. At 517.
Disbarment is an extreme penalty and should only be imposed in those rare cases where rehabilitation is highly improbable. In only three cases where attorneys were disciplined for passing worthless checks were the attorneys disbarred: In re Gorman, supra; The Florida Bar v. Kelly, supra; The Florida Bar v. Charles, supra; and in all three, the attorneys were involved in additional unethical conduct. In In re Gorman, the respondent was found guilty of uttering worthless checks, neglecting his duty to his clients, and forging a client's name in order to obtain money. In Kelly, respondent was found guilty of uttering worthless checks, neglecting his legal duties, and converting clients' funds. In Charles, respondent was found guilty of uttering worthless checks and converting $20,000 of his client's money to his personal use. In those cases where an attorney was disciplined for the writing of worthless checks only, the attorney was either suspended or reprimanded. In re Hill, supra; The Florida Bar v. Hill, 265 So.2d 698 (Fla. 1972); and The Florida Bar v. Baxter, supra.
We now hold that the issuance of a worthless check by an attorney constitutes unethical conduct and subjects the attorney to professional discipline by The Florida Bar. Whether such conduct also involves moral turpitude depends upon the circumstances surrounding the case.
With such a clear rule, members of the Bar need not fear selective prosecution.
Accordingly, respondent is suspended from the practice of law for 12 months with proof of rehabilitation. The suspension shall be effective on August 21, 1978, thereby giving respondent time to close out his practice and take the necessary steps to protect his clients, and it is ordered that respondent shall not accept any new business. In addition, respondent shall make restitution to Mrs. Bauer, Mrs. Harter, and to the bank, and pay all costs of these proceedings, including those costs incurred by the Bar at the Grievance Committee level in the amount of $829.00.
It is so ordered.
ENGLAND, C.J., and OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
NOTES
[*] DR 1-102(A)(3) provides:

(A) A lawyer shall not:
(3) Engage in illegal conduct involving moral turpitude.