CORRECTED OPINION
PER CURIAM.
This matter is before the Court on petition for resignation from The Florida Bar in lieu of discipline pursuant to Florida Bar Integration Rule, article XI, rule 11.08.
In this disciplinary proceeding, the referee made the following finding of facts: (a) Respondent is a member of the Florida Bar subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
(b) In 1977 respondent represented one Edward Peters who intended to purchase a condominium then owned by Mr. and Mrs. Joseph Cellura. The Celluras rented the condominium unit and the manager of the condominium collected the rent therefrom. The respondent collected the rent from the manager of the condominium on behalf of his client, Edward Peters. Said rent was in the form of two (2) checks made payable to the respondent. The respondent cashed said checks and did not place them in his trust account.
(c) The respondent did not deposit the money in his trust account pursuant to his clients’ [sic] (Peters) instructions.
(d) The respondent’s client (Peters) did not close the transaction for the purchase of the condominium unit and the Celluras then sold the condominium unit to one Ted Minkel.
(e) The Celluras assigned to Minkel the rents previously collected by the condominium manager that had been paid over to the respondent. Minkel made demand upon respondent for the rental monies in the sum of $1,870.00.
(f) Respondent prepared a release and authorization to be signed by the Celluras directing respondent to pay the money over to Minkel . . . . Minkel obtained the signature of the Celluras to the release and authorization and delivered it to respondent but the respondent still did not pay over the monies.
(g) The respondent wrote to his client Peters on November 29, 1977 advising his client that he would disburse the escrow rent funds to the Celluras or their assign-ee within ten days from the date of the letter if he did not hear from his client. The respondent in his answer admitted the allegations of paragraph 10 of the complaint in which the complainant alleged that the respondent has failed and *943 refused to deliver the funds or account for them.
(h) The chairman of the Grievance Committee and a complainant’s investigator confronted the respondent with respect to the fact that the funds had not been placed in his trust account. The respondent indicated that the funds had not been placed in his trust account pursuant to his client’s instructions and that he had the money at home. The respondent refused to permit the complainant’s investigator to accompany the respondent to his home to verify his holding said money on behalf of his client.
(i) In addition and unrelated to the foregoing, the respondent issued a worthless check to the Clerk of the Circuit Court for Brevard County, Florida on July 1, 1978 in the amount of $107.00
(j) The respondent is under suspension from the practice of law for a period of twelve (12) months pursuant to this court’s opinion in The Florida Bar v. Davis, 361 So.2d 159 (Fla.1978).
The record further reflects that the respondent failed to appear personally or through counsel at this hearing because of an asserted conflict, but no request was made for a continuance.
The referee expressly found:
The respondent is guilty of unethical conduct by reason of his issuing a worthless trust account cheek to the Clerk of the Circuit Court.
Although the undersigned did not have the benefit of the testimony of the respondent’s client with respect to the client’s instructions that said monies should not be placed in the respondent’s trust account, and only the self-serving statements of the respondent, it is conceivable that the respondent’s client did not want the money placed in a checking account. However, at such time as the respondent was called upon by the Florida Bar to account for his client’s money, it became incumbent upon the respondent to demonstrate that he was in fact holding the money as instructed by his client. If the respondent had a serious doubt as to who was entitled to the funds that he was holding for his client, he could have initiated an interpleader action. He wrote to his client and advised him that he was going to pay the funds over to the Celluras or their assignee if he didn’t hear from his client and further prepared a written release for this purpose. He admits that he has not paid over the money and has further admitted that he did not intend to initiate an interpleader action, and thus one can only conclude that he does not have the money and has diverted the same for his own use.
The referee recommended:
[T]hat the respondent be disbarred from the practice of law. I find that the respondent’s conduct involves moral turpitude. He has used funds that may originally have been his clients but which he subsequently concluded belonged to a third party since he advised his client that he would disburse the same to the third party. He told the Florida Bar’s investigator that his client had advised him not to put the money into a trust account yet in the respondent’s sworn answer to the complaint, the respondent says “that the funds were specifically converted to cash to facilitate expected immediate disbursal for expenses which required good cash funds, but the amounts were uncertain and which would not tolerate bank accounting delays (Paragraph 7 of Answer).”
Subsequent to the receipt by this Court of the referee’s report and the respondent Davis’ filing a petition for review and supporting briefs, Davis filed a petition to resign in lieu of discipline. The Florida Bar approved this course of action and recommended that this Court accept Mr. Davis’ petition with the following conditions:
1. That Mr. Davis be required to submit to and pass the ethics portion of The Florida Bar exam prior to readmission to The Florida Bar.
2. That Mr. Davis satisfy any Clients’ Security Fund claims paid as a result of his misappropriations in this or any other case.
*944 3. That the facts giving rise to Mr. Davis’ resignation in lieu of discipline be included in an appropriate opinion in the Southern Reporter.
Respondent Davis filed a response objecting to the conditions and asserting that he should automatically be reinstated upon application. Under the circumstances, we reject the petition to resign and have considered this cause on the petition for review and the briefs submitted by each party. We accept and affirm the referee’s findings of fact and recommendation of disbarment from the practice of law. We are not unmindful that disbarment is an extreme penalty and should be imposed only in those cases where rehabilitation is improbable. In The Florida Bar v. Davis, 361 So.2d 159, 162 (Fla.1978), this same respondent was found guilty of violating Disciplinary Rules 1-102(A)(4)(6) and 9-102(A). These violations included: conviction of misdemeanor for issuing worthless checks; failing to satisfy a judgment on a promissory note given to an employee; obtaining an unsecured loan from a client and failing to repay the loan; and commingling of personal funds in his client trust account. This Court imposed suspension from the practice of law for twelve (12) months as discipline for these violations.
Given the total circumstances of this case, we find rehabilitation to be improbable and disbarment the only appropriate discipline.
Costs in the amount of $208.40 are hereby taxed against respondent.
It is so ordered.
ENGLAND, C. J., and OVERTON, SUNDBERG, ALDERMAN and MCDONALD, JJ., concur.