PER CURIAM.
This disciplinary proceeding against Wayne A. Drizin, a member of The Florida Bar, is before this Court on complaint of The Florida Bar and report of the referee. No petition for review has been filed. Our jurisdiction is pursuant to article V, section 15, Florida Constitution.
The referee made the following findings and recommendations as to the three counts in the complaint:
FINDINGS OF FACT AS TO EACH ITEM OF MISCONDUCT OF WHICH THE RESPONDENT IS CHARGED.
After considering all of the pleadings and evidence before me, I find that:
1. Respondent, Wayne A. Drizin, is a member of The Florida Bar and subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
As to Count I
2. On or about February 23,1981, William L. Summers contracted to sell to Respondent and Respondent contracted *879 to purchase from Mr. Summers certain real property lying and being situate in Broward County, Florida, to wit:
Lots 3 and 4, Block 1 of NAVARRO ISLE, according to the Plat thereof, as recorded in Plat Book 15, at Page 40, of the Public Records of Broward County, Florida.
3. On or about March 3, 1981, the closing of such sale took place, whereat Mr. Summers delivered the deed to such real property to Respondent and Respondent delivered to Mr. Summers’ attorney his attorney’s trust account check in the amount of $73,430.59, such amount being the net due Mr. Summers and Mr. Summers’ attorney.
4. On March 5, 1982, the warranty deed conveying such real property to Respondent was recorded in the public records of Broward County, Florida.
5. On or about April 6, 1981, Respondent’s attorney’s trust account check was returned by the bank due to there being insufficient funds in the account to pay such check.
6. On or about April 14,1981, Respondent delivered to Mr. Summers’ attorney a check to replace the previously returned attorney’s trust account check, but on or about April 23, 1981 such replacement check was returned by the bank because no such account could be found by the bank.
7. On or about May 12, 1981, Respondent delivered to Mr. Summers’ attorney his attorney’s trust account check to replace the two previously returned checks, but on or about May 21,1981 such second replacement check was returned by the bank due to it being drawn on uncollected funds.
8. Around the end of May, 1981, Respondent deeded such real property back to Mr. Summers.
As to Count II
9. On or about March 30, 1981, Richard E. Zabel and Anita Grizaffi contracted to sell to Respondent and Respondent contracted to purchase from Mr. Zabel and Ms. Grizaffi all of the common shares of Cowboy’s, Inc.
10. Upon executing such contract, Respondent delivered to the escrow agent under such contract as a deposit two of his attorney’s trust account checks total-ling $125,000.00.
11. On or about April 7,1981, Respondent’s two attorney’s trust account checks were returned by the bank due to there being insufficient funds in the account to pay such checks.
12. At Respondent’s request, the escrow agent redeposited such checks, but they were again returned by the bank due to there being insufficient funds in the account to pay such checks.
As to Count III
13. On or about February 2, 1980, Arturo Velez and Alicia Velez entered into an agreement with Interdevco Development to purchase Bayberry Lakes Condominium Unit 2031, Building 38, located in Broward County, Florida.
14. At some time prior to May 20, 1981, Luz Penner, the daughter of Mr. & Mrs. Velez, delivered to Respondent a bank check in the amount of $27,000.00, to be held by Respondent pending the purchase of real property by her parents, Mr. & Mrs. Velez.
15. On or about May 20, 1981, the closing on the Bayberry Lakes Condominium unit took place, whereat the attorneys for Interdevco Development delivered the deed to such real property to Respondent and Respondent delivered to such attorneys his attorney’s trust account check in the amount of $18,-924.97, such amount being the cash to close.
16. Subsequent to such closing, but prior to June 16, 1981, Respondent’s attorney’s trust account check was returned by the bank due to there being insufficient funds in the account, was redeposited at Respondent’s request, and was again returned because of insufficient funds.
17. On or about June 16, 1981, Respondent delivered to the attorneys for Interdevco Development his attorney’s trust account cheek, drawn upon a differ *880 ent account, to replace the previously twice returned attorney’s trust account, but such replacement check was returned by the bank due to the account being closed.
18. Such trust account checks were never made good by Respondent, nor did Respondent return any funds to Luz Pen-ner or Mr. & Mrs. Velez.
RECOMMENDATIONS AS TO WHETHER OR NOT THE RESPONDENT SHOULD BE FOUND GUILTY OF MISCONDUCT
As to each count of the Complaint I make the following recommendations as to guilt or innocence:
As to Count I
I recommend that the Respondent, Wayne A. Drizin, be found guilty of violating Rule 11.02(3)(a) and (b), article XI, of the Integration Rule of The Florida Bar and Disciplinary Rules 1-102(A)(1), (4) and (6), and 9-102(A)(l) of the Code of Professional Responsibility. I specifically find that Respondent by his actions violated Section 832.05(4)(a), Florida Statutes (1979), in that he knowingly issued worthless checks in exchange for a deed to real property, a thing of value, and that he commingled his own funds with trust funds belonging to his clients.
As to Count II
I recommend that the Respondent, Wayne A. Drizin, be found guilty of violating Rule 11.02(3)(a) and (b), article XI, of the Integration Rule of The Florida Bar and Disciplinary Rules 1-102(A)(1), (4) and (6), and 9-102(A)(l) of the Code of Professional Responsibility. I specifically find that Respondent by his actions violated Section 832.05(2)(a), Florida Statutes (1979), in that he knowingly issued worthless checks for the payment of money, and that he commingled his own funds with trust funds belonging to his clients.
As to Count III
I recommend that the Respondent, Wayne A. Drizin, be found guilty of violating Rule 11.02(3)(a) and (b) and Rule 11.02(4), article XI, of the Integration Rule of The Florida Bar and Disciplinary Rules 1-102(A)(1), (4) and (6) of the Code of Professional Responsibility. I specifically find that Respondent by his actions violated Section 832.05(2)(a), Florida Statutes (1979), in that he knowingly issued worthless checks for the payment of money, and that he converted funds of his client to his own use.
This matter came on for final hearing upon Complainant’s Motion for Summary Judgment, such motion being based upon Respondent’s failure to answer Complainant’s Request for Admissions, such matters being deemed admitted by this Referee by order, dated January 20, 1982, and upon the uncontroverted affidavits attached to such motion. All pleadings in this matter were mailed to Respondent at his official record Bar address of 2715 East Oakland Park Boulevard, Fort Lauderdale, Florida. An attempt was made by the Complainant to locate Respondent, as evidenced by the affidavit submitted by the Complainant, but such proved of no avail.
RECOMMENDATIONS AS TO DISCIPLINE MEASURES TO BE APPLIED
I recommend as discipline in this matter that the Respondent, Wayne A. Driz-in, be disbarred from the practice of law in Florida. Such recommendation is based upon the cumulative and severe nature of the conduct outlined in the Complaint. The misappropriation of a client’s funds and the issuance of worthless checks warrant such discipline. The Florida Bar v. Charles, 201 So.2d 713 (Fla.1967).
We approve the findings and recommendations of the referee. Wayne A. Drizin is disbarred from the practice of law, effective immediately. Costs of these proceedings in the amount of $1,143.10 are assessed against Drizin.
It is so ordered.
ADKINS, A.C.J., and BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.