ADKINS, Acting Chief Justice,
dissenting.
I dissent from the finding that respondent’s conduct constituted a violation of professional ethics and also dissent to the suspension of respondent. We have held that the issuance of a worthless check, when considered in connection with other conduct, subjected the attorney to professional discipline. The Florida Bar v. Davis, 361 So.2d 159 (Fla.1978).
*890 The respondent, Mayo, gave a post-dated check in the sum of $800 as payment of part of a fee for “professional career counseling services.” Respondent did not commit a criminal offense, but created a debt. The civil courts are adequate for the collection of money and grievance procedure should not be used for this purpose.
The referee and this Court considered respondent’s nonappearance and his failure to cooperate with The Florida Bar as aggravating factors resulting in the suspension for one year with reinstatement contingent upon proof of rehabilitation and restitution. Failure to cooperate with The Florida Bar is not ground for a suspension, particularly when The Florida Bar is allowing the disciplinary procedure to collect a bad debt. The system is damaged when this procedure is used in this manner. The controversy should be referred to the county court as a civil debt.