377 So.2d 1181 (1979)
THE FLORIDA BAR, Complainant,
v.
Vaughn C. BRENNAN, Respondent.
No. 58012.
Supreme Court of Florida.
December 13, 1979.
David G. McGunegle, Branch Staff Counsel, Tallahassee, and John B. Root, Jr., Assistant Staff Counsel, Orlando, Michael D. Martin, Bar Counsel, Lakeland, for complainant.
Vaughn C. Brennan, in pro. per.
PER CURIAM.
This matter is before the Court on Motion for Approval of Conditional Guilty Plea for Consent Judgment and Entry of Final Order of Discipline.
On November 2, 1979, The Florida Bar filed its Motion alleging:
1. Subsequent to a finding of probable cause by a Tenth Judicial Circuit Grievance Committee, the complainant filed its complaint covering these cases on November 17, 1978... .
2. Prior to a referee hearing, the Respondent submitted a Conditional Guilty Plea for Consent Judgment to Counts I and III of the complaint which are cases 1077035 and 1078T18, respectively. Under the terms of the proposed Consent Judgment Count II, which is case no. 1078015, is not to be pursued....
A. In Count I (Case No. 1077035) respondent represented a client in a felony criminal case alleging robbery. It appears that the respondent had an oral agreement with the State Attorney's office whereby his client would receive a sentence not exceeding ten years and that respondent at a pre-sentence hearing would provide evidence concerning the use of a firearm during the robbery. Respondent also concurred in a recommendation for a five year sentence made by a parole and probation officer. Subsequently, respondent played a tape recording of an interview with the victim of the robbery for his client and recorded his client's impressions and reactions regarding *1182 the alleged use of a firearm. These reactions were subjected to a psychological stress evaluation test. Respondent neglected to advise his client that he intended to provide to the court the results of the stress evaluation insofar as they related to the use of a firearm. Following the test, the respondent wrote a letter to the presiding judge in which he stated that his client had stressed at each and every question regarding the issue of a weapon and its use. He also indicated a belief that his client was not candid with him and a belief that he must so advise the court. The court awarded a sentence of ten years, later reduced to five years at the request of respondent. These actions violated Disciplinary Rules 4-101(B)(1), 4-101(B)(2), 7-101(A)(3) and 7-106(C)(4) of the Code of Professional Responsibility promulgated by this Honorable Court for the use and benefit of The Florida Bar.
B. In Count III (Case No. 1078T18) respondent represented a client charged with uttering a forged instrument. At the time of his arrest, the client was on a work release program from a forgery conviction in which he had been sentenced to five years imprisonment in 1974. The client changed his plea from guilty to nolo contendere upon representation of respondent that he would receive a five year sentence in the current case which would be concurrent with, and retroactive to, the 1974 sentence, thereby accomplishing a desired goal that the client would have to serve little, if any, additional time because of the new conviction. At the time the plea change was accepted by the court, no representation was made by respondent as to any plea bargaining arrangements with the state and the court explicitly indicated that it had not entered into and was unaware of any agreement. The court sentenced the client to a five year concurrent sentence, but the sentence was to run from the date of sentencing and was concurrent only to the extent that it overlapped with the previous forgery case. This resulted in the client actually incurring an additional two years' confinement, or more. The respondent later replied to an inquiry from the court, acknowledging that he erroneously had believed that such a concurrent and retroactive sentence would be an appropriate disposition at the time he recommended it to his client. The court refused to vacate since the proposed concurrent and retroactive sentence would have been an illegal one. These actions by the respondent violated Disciplinary Rules 6-101(A)(2) and 7-101(A)(3) of the Code of Professional Responsibility promulgated by this Honorable Court for the use and benefit of The Florida Bar.
3. At its September, 1979, meeting, the Board of Governors of The Florida Bar approved acceptance of respondent's Conditional Plea and complainant hereby commends it to this Honorable Court as final disposition of the cases.
The Motion for Approval of Conditional Guilty Plea is granted, and Respondent, Vaughn C. Brennan, is hereby disciplined by public reprimand to be published in the Southern Reporter based upon the facts set forth above. The publication of this Opinion shall serve as the public reprimand to Respondent.
Costs in the amount of $601.25 are hereby taxed against the Respondent.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON and McDONALD, JJ., concur.