411 So.2d 176 (1982)
THE FLORIDA BAR, Complainant,
v.
Vaughn C. BRENNAN, Respondent.
No. 59738.
Supreme Court of Florida.
January 28, 1982.
Rehearing Denied April 8, 1982.
Stanley A. Spring, Staff Counsel, Tallahassee, David G. McGunegle, Bar Counsel and John B. Root, Jr., Asst. Staff Counsel, Orlando, and Christy F. Harris, Chairman, Tenth Judicial Circuit Grievance Committee, Lakeland, of The Florida Bar, for complainant.
B. Lee Elam, Brandon, for respondent.
PER CURIAM.
This disciplinary proceeding is before the Court on complaint of The Florida Bar and the report of a referee. Neither the respondent nor the bar has petitioned for review. We have jurisdiction. Art. V, § 15, Fla. Const.
The Florida Bar filed a three-count complaint against respondent. It alleged that in a first-degree murder trial respondent neglected his representation of the defendant by failing to sufficiently consult an expert psychiatric witness prior to trial and to develop this testimony at trial, failing to introduce medical records to support an insanity plea, failing to renew a motion for directed verdict at the close of the state's evidence rebutting insanity, and failing to file anything beyond a notice of appeal of his client's conviction and life sentence. Another attorney subsequently handled the appeal. The complaint further alleged that a check written to a client from respondent's Attorney at Law account was returned for insufficient funds. The client got his money only after sending respondent a certified letter and complaining to the bar and the state attorney. The subject of the third allegation was a bar audit revealing that respondent was not preparing or maintaining required quarterly trust account reconciliations and that respondent's general operating account was in overdraft status on several occasions.
The referee conducted a hearing and submitted his findings and recommendations to this Court. As to count I the referee found that respondent's preparation of a defense was not so inadequate nor his handling of the appeal so neglectful as to warrant conviction *177 for Canon 6 violations. He therefore recommended that respondent be found not guilty of violating Disciplinary Rules 6-101(A)(2) and (3). As to count II the referee found that issuing an insufficient-funds check and taking more than four months to pay his client constituted dereliction of respondent's responsibilities as an attorney. He recommended that respondent be found guilty of violating Disciplinary Rules 1-102(A)(6) and 9-102(A) but not guilty of violating Disciplinary Rule 1-102(A)(4). As to count III the referee found that respondent's overdrawn accounts could have been the result of bookkeeping errors, that his trust accounts were in order except for the quarterly reconciliations, that all insufficient-funds checks other than the one referred to in count II were promptly redeemed, and that respondent's conduct did not involve moral turpitude. The referee's recommendation was that respondent be found guilty of failing to file quarterly trust account reconciliations required by Integration Rule 11.02(4)(c). He recommended a finding of not guilty of violations of Disciplinary Rules 1-102(A)(4) and (6) and not guilty of the misconduct typified by The Florida Bar v. Davis, 361 So.2d 159 (Fla. 1978).
Before recommending discipline the referee considered the fact that two years ago respondent was publicly reprimanded by this Court for revealing confidences or secrets of his client, using confidences or secrets of his client to the client's detriment, handling litigation without adequate preparation, prejudicing his client during the course of the professional relationship, and asserting his personal views on the guilt or innocence of his client before a tribunal. The Florida Bar v. Brennan, 377 So.2d 1181 (Fla. 1979). The referee also found it significant that in the instant proceedings respondent cooperated freely and extensively with the bar and the referee. The referee then recommended:
1. [T]hat the respondent receive a public reprimand.
2. That respondent be placed on supervised probation for a period of one year, the conditions of which shall be:
(a) Payment of all costs assessed against him in this disciplinary proceeding.
(b) That during the probation period, he submit, upon request, his trust records for an audit by a staff auditor of The Florida Bar and the cost of such audit be taxable to the respondent.
(c) The filing by respondent with the Staff Counsel of The Florida Bar at three month intervals of:
(1) A statement that he has met the minimum trust accounting procedures of The Florida Bar and has made a reconciliation of his trust accounts balance quarterly.
(2) A statement that he has not issued any checks without sufficient funds in said account; and
(d) Failure to observe the conditions of the probation, or a finding of probable cause as to conduct of the respondent committed during the period of probation, shall terminate the probation. In such event, even though such finding of probable cause shall be made after the expiration of the period of probation the judgment shall be reconsidered and an appropriate judgment shall be entered. On termination of probation for failure to observe the conditions of probation or on a finding of probable cause for misconduct committed during the period of probation the attorney may be punished for contempt or suspended from the practice of law on petition by The Florida Bar and any such suspension shall continue until the respondent may be reinstated to the practice of law as provided elsewhere in these rules. Fla.Bar Integr.Rule Art. XI, Rule 11.10(1).
We adopt the findings and recommendations of the referee and order that respondent be disciplined as set forth above.
Costs in the amount of $1,955.54 are assessed against respondent.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON and ALDERMAN, JJ., concur.