PER CURIAM.
This disciplinary proceeding against Vaughn C. Brennan is before us on complaint of The Florida Bar and the report of the referee. The referee recommends that Brennan be publicly reprimanded and put on probation for one year. Both the Bar and Brennan petition this Court for review of the referee’s report. We have jurisdiction, article V, section 15, Florida Constitution. We approve with modifications, the referee’s findings and recommendations.
The referee made the following findings of fact:
In early 1981, Mary Allred contacted Respondent for the purpose of representing her and her sister in a certain matter connected with the death of their mother, Mary McKinley. Mrs. McKinley died in 1980. (R12) Although it’s not exactly clear as to what Respondent’s legal obligations were in representing Mrs. Allred, generally the record discloses that she took certain papers and documents to Respondent for review and determination concerning what would be necessary to do in connection with possibly improper deposits of retirement benefits from the State of Florida to her deceased mother’s bank account in Iowa. (R-12-13) Specifically, Mrs. Allred requested Respondent to communicate with the parties in Tallahassee and Iowa concerning this matter. (R32) Respondent was not paid a fee and there doesn’t seem to have been any fee arrangement made at any time between Mrs. Allred and Respondent. (R13) Within a short time of the initial client interview Respondent corresponded with a law firm in Iowa and with the Division of Retirement, State of Florida, in regard to the matters of concern to Mrs. Allred. (Bar Composite Exhibits received into evidence). Mrs. Allred received copies of the correspondence between Respondent and at least the Division of Retirement. (R14) After this, initial correspondence, apparently Respondent did nothing else, although it’s not at all certain that Mrs. Allred desired him to do anything further.
In any event, about six months later Mrs. Allred attempted to contact Respondent to follow up on the case. She bumped into Respondent at her neighbor’s house and made an appointment to see him. When she arrived at the appointed time, she found not the Respondent’s office but rather a vacant building where his office had formerly been. (R16)
On June 23, 1983, Mrs. Allred contacted another attorney, Jon Anderson. (R38) Mr. Anderson began to attempt to contact Respondent about the status of Mrs. Allred’s problem and specifically *316 tried on many occasions in writing to secure her file containing original documents from Respondent. According to testimony received from Mr. Anderson, and copies of letters received into evidence, Mr. Anderson was unable to secure Mrs. Allred's papers from Respondent and was unable, until September of 1984, to ascertain why Respondent would not release Mrs. Allred’s file to her new attorney. It was not until January, 1985, some sixteen months after his attempts first began that attorney Anderson finally received the requested documents from Respondent. (R47)
There was no clear and convincing evidence that Respondent intentionally failed to seek lawful objectives, and intentionally failed to carry out a contract.
The referee recommends that respondent be found guilty of violating the former Florida Bar Code of Professional Responsibility, Disciplinary Rules 6-101(A)(3) (neglect of legal matters) and 1-102(A)(6) (misconduct reflecting adversely on fitness to practice law). The Bar supports the referee’s recommended findings of guilt and respondent urges that they are not supported by the evidence. In addition, respondent urges through a petition for rehearing that additional material be considered which was not presented to the referee. On the latter point, we decline to consider the proffered new evidence or to order additional hearings. Respondent was given a full and fair opportunity to present any relevant evidence to the referee and we are not persuaded that reopening the trial or accepting untested hearsay evidence is justified.
A referee’s findings of fact will be upheld unless they are without support in the record or clearly erroneous. The Florida Bar v. Stalnaker, 485 So.2d 815 (Fla.1986), and cases cited therein. We are satisfied that the record supports the referee’s finding and recommendation that respondent neglected a legal matter entrusted to him by failing to respond to the request from the client’s new attorney that documents be forwarded to him. Respondent’s argument that he could not forward the documents without authorization from the client does not excuse his failure to advise the attorney or the client that he was withholding the documents pending receipt of authorization. We approve the finding of guilt on Disciplinary Rule 6-101(A)(3).
We agree also with the referee that respondent did not advise the client of his new addresses, indeed that point is not in controversy. We note, however, that it is also uncontroverted that the moves were in the local area and that respondent could have been easily located through readily available means. The record suggests that the client felt no urgency in pursuing the legal matter and made no serious effort to locate respondent. Moreover, from respondent’s viewpoint, it does not appear that he had further tasks to perform on the legal matter and felt no compunction or duty to advise the client of his new address. Under these circumstances, we are not persuaded that respondent’s admitted failure to advise the client of his new address rises to the level of misconduct reflecting adversely on his fitness to practice law. We disapprove the recommended finding of guilt on Disciplinary Rule 1-102(A)(6).
The Bar urges that the referee’s recommendation of a public reprimand and probation for one year is inadequate in view of respondent’s previous two public reprimands for disciplinary misconduct. The Florida Bar v. Brennan, 411 So.2d 176 (Fla.1982); The Florida Bar v. Brennan, 377 So.2d 1181 (Fla.1979). We disagree. The single infraction here is of less import than his two previous offenses and no harm resulted to the client. We agree with the referee that any harsher punishment would be disproportionate, particularly in view of our holding above that he did not violate Disciplinary Rule 1-102(A)(6). Indeed, under the circumstances of respondent having relocated to another state and his expressed intent not to practice law in Florida except for closing out existing clients, we see no need for a period of supervised probation.
We approve the referee’s findings and recommendations as modified. Publication of this opinion in the Southern Reporter *317 will serve as respondent’s public reprimand.
Judgment for costs in the amount of $1,011.30 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, SHAW, BARKETT and KOGAN, JJ., concur.
GRIMES, J., concurs in part and dissents in part with an opinion, in which EHRLICH, J., concurs.